IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BENJAMIN ALLEN TOLLE**,

    Plaintiff,　　　　　　　　　　　　　　　　　　　　No. 2:11-cv-00980-MO

    v.　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

**OREGON DEPARTMENT OF CORRECTIONS, et al.,**

    Defendant.

**MOSMAN, J.**,

    Plaintiff brings this § 1983 action against the Oregon Department of Corrections ("ODOC"), alleging violations of his Eighth and Fourteenth Amendment rights under the United States Constitution, because the ODOC did not house him in administrative segregation, despite threats to his safety. Defendants filed an Unenumerated Rule 12(B) Motion to Dismiss [17] arguing that plaintiff failed to exhaust his administrative remedies as to this allegation. I agree and therefore grant defendants' motion.

## DISCUSSION

    The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative

1 – OPINION AND ORDER

remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-1120 (9th Cir. 2003). If I conclude that plaintiff has "not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id*.

ODOC policy indicates that a prisoner may file a grievance as to the following matters: (a) the misapplication of any administrative directive or operational procedure; (b) the lack of an administrative directive or operational procedure; (c) any unprofessional behavior or action which may be directed toward an inmate by an employee, contractor, or volunteer of the Department of Corrections or the Oregon Corrections Enterprises; (d) any oversight or error affecting an imnate; (e) a program failure as defined by the ODOC; (f) the loss or destruction of property; and (g) sexual contact, solicitation or coercion between an employee or contractor and an inmate. (Reynolds Decl. [19] Ex. 2, 3-4).

In order to exhaust his or her nonjudicial remedies, an inmate must first submit a "grievance" to the functional unit grievance coordinator on an approved inmate grievance form within 30 days of the date of the incident giving rise to the grievance. (*Id*. at 4). An inmate will thereafter receive an initial grievance response, and if unsatisfied, may send a "first" appeal to the grievance coordinator within 14 calendar days from the date the grievance response was sent to the inmate. (*Id*. at 6). The grievance coordinator forwards the first appeal to the functional unit manager, who then responds to the inmate within 30 calendar days from the date the appeal was received. (*Id*.). An inmate may appeal the functional unit manager's decision by sending a "final" appeal to the grievance coordinator within 14 calendar days from the date the grievance response

2 – OPINION AND ORDER

was sent to the inmate. (*Id*.). The final appeal is forwarded to the Assistant Director that has authority to resolve the issue. The Assistant Director conducts whatever investigation may be necessary and then renders a final decision, not subject to further review. (*Id*.). Only after the Assistant Director renders a decision may the inmate bring a claim in federal court.

In this case, plaintiff did not file any approved inmate grievance forms based on his allegation that the ODOC failed to move him to administrative segregation, despite threats to his safety. (*See* Reynolds Decl. [19] ¶ 66). Plaintiff concedes that he failed to properly exhaust his administrative remedies, but contends that I should nonetheless permit his suit to go forward because he sent several inmate communication forms[1] to defendants with regard to this issue and did not know that he had to file a formal grievance in line with ODOC policy outlined above. Under ODOC policy, if an inmate "attempts to grieve" an issue by use of an inmate communication form, the ODOC shall return the inmate communication form to the inmate with instruction that he or she resubmit the grievance on the department's approved inmate grievance form. (*Id*. at Ex. 2, 3).

I have reviewed the attached inmate communication forms that plaintiff proffers as evidence that he attempted to grieve the issue at hand, and I find that these forms are nothing more than plaintiff's attempt to informally resolve this issue with ODOC staff. ODOC policy encourages inmates to first address their concerns informally "through either dialog or by utilizing inmate communication forms," (*Id*. at 1), and if unable to come to a resolution, it then encourages submission of "a written grievance using the department's approved inmate grievance form." (*Id*. at 3). Inmates are informed of the grievance policy when they first arrive, and the information is contained in the inmate handbook. (*Id*. at ¶ 6).

---

[1] An "inmate communication form" is an official ODOC form, "commonly referred to as a 'kyte or kite,'" that is "designed for inmate use in communicating with employees, volunteers, or contractors and allows employees, volunteers, or contractors to respond in writing, when appropriate, to the inmate." (Reynolds Decl. [19] Ex. 2, 2).

3 – OPINION AND ORDER

Plaintiff sent several inmate communication forms to ODOC staff requesting that he be sent to administrative segregation and each request was denied. If Mr. Tolle was unhappy with the ODOC decision, he should have then submitted a written grievance using the department's approved inmate grievance form. Additionally, because I find no dispute of fact that the inmate communication forms at issue were not "attempts to grieve," the ODOC was under no obligation to return the forms to plaintiff with instruction that he resubmit the grievance on the department's approved inmate grievance form. Therefore, I find that Mr. Tolle failed to exhaust his nonjudicial remedies as to his sole allegation here that the ODOC did not house him in administrative segregation, despite threats to his safety.

## CONCLUSION

For the foregoing reasons, I GRANT defendants' Motion to Dismiss [17]. Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust available administrative remedies.

IT IS SO ORDERED.

DATED this   6th   day of March, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court